625 So.2d 146 (1993)
STATE of Louisiana
v.
Gilbert JACKSON.
No. 93-KK-0424.
Supreme Court of Louisiana.
October 18, 1993.
*147 Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., and Margaret E. Lagattuta, for applicant.
Anne T. Turissini, for respondent.
HALL, Justice.[*]
The issue in this case is whether, in the prosecution of defendant for three counts of molestation of a juvenile involving his granddaughters, the state can introduce the testimony of defendant's three adult daughters recounting similar unreported misconduct committed by defendant upon them 15 to 24 years ago. The state contends the evidence is admissible under LSA-C.E. art. 404(B)(1) to show intent, system, plan and knowledge. The trial court excluded the evidence as too remote. The court of appeal denied the state's writ application. For reasons set forth below, we reverse in part and affirm in part.

I.
The defendant, Gilbert Jackson, is charged with three counts of molestation of a juvenile in violation of LSA-R.S. 14:81.2[1]. The victims *148 are his minor granddaughters, Erika Jackson, age 10, and Chrystal Smith, age 7. Count one is based on an allegation by Erika that defendant touched her breasts and buttocks on several occasions between September 1, 1991 and November 30, 1991. Count two charges that on Christmas Eve of 1991 defendant touched Erika's breasts under her shirt and kissed her on the mouth. These incidents were reported by Erika to her mother in the spring of 1992. Count three involves allegations that between September 1, 1991 and November 30, 1991, defendant touched Chrystal Smith's breasts on several occasions.
The state filed a Notice of Intent to Use Evidence of Other Bad Acts to Show "Knowledge, System & Intent" as required by State v. Prieur, 277 So.2d 126 (La.1973). The state requested that it be allowed to introduce at trial the testimony of defendant's three adult daughters, Penny Jackson, Kim Jackson Holmes and Hope Smith, that the defendant touched their breasts and vaginal area and intimately kissed them while they were minors. The state contended that the evidence, being so similar to the present alleged offenses and occurring during the same point in time in the victims lives, would prove intent, system and knowledge. The defendant argued that the acts were dissimilar and too remote in time to have any connexity with the present charges.
A Prieur hearing was held on November 23, 1992. The three daughters testified about the incidents with their father. Kim Jackson Holmes, age 36, testified that her father used to bring her to his bedroom every Friday night until she was twelve or so. She claimed that every Friday night during that period, her father would kiss her, feel her and then "stick his penis in" her. These incidents occurred 24 years ago but, Holmes testified that she came forward only recently because of the allegations concerning her nieces. She did not tell anyone about the incidents until then for fear that it would break up her parent's marriage.
Penny Jackson, age 30, testified that her father, the defendant, would kiss her all over, hold her tight, fondle her and expose himself to her. This conduct occurred when she was between the ages of 8 and 15. She did speak to a psychiatrist about these episodes after she left home, but did not tell her mother until recently out of fear that defendant would abuse her mother. She too testified that she came forward because of the allegations by her nieces.
Finally, Hope Smith, age 34, testified. She is the mother of one of the victims, Chrystal Smith. She recounted at least two occasions when her father kissed her and touched her privates, including her breasts, when she was between the ages of 11 and 12. She recalled telling her mother about these incidents when they occurred.
The district court denied the state's request to use the evidence of prior bad acts at defendant's trial because they were too remote. The court of appeal denied the state's application for supervisory writs. Judge Ciaccio dissented noting that he "would reverse the ruling of the trial court. The evidence of prior acts is admissible. State v. Driggers, 554 So.2d 720 (La.App. 2nd Cir.1989)." We granted the state's application for writs, 616 So.2d 690 (La.1993).

II.
Generally, evidence of other acts of misconduct is not admissible; however, there are statutory and jurisprudential exceptions to this rule. One exception is when the evidence of other acts tends to prove a material issue and has independent relevance other than showing that the defendant is a man of bad character. Even if independently relevant, the probative value of such evidence must be weighed against its prejudicial effect. LSA-C.E. art. 403[2]; State v. Germain, 433 So.2d 110 (La.1983); State v. Thompson, 532 So.2d 1160 (La.1988); and State v. Silguero, 608 So.2d 627 (La.1992). Evidence of other acts is allowed to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or *149 when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." LSA-C.E. art. 404(B)(1)[3]. One of these factors must be at issue, have some independent relevance, or be an element of the crime charged in order for the evidence to be admissible.
The state is required to prove that the defendant committed these other acts by clear and convincing evidence. State v. Davis, 449 So.2d 466 (La.1984); LSA-C.E. art. 1103[4]. The state must, within a reasonable time before trial, provide written notice of its intent to use other acts or crimes evidence and describe these acts in sufficient detail. Likewise, the state must show that the evidence is neither repetitive nor cumulative, and is not being introduced to show that the defendant is of bad character. The court must, at the request of the defendant, offer a limiting instruction to the jury at the time the evidence is introduced. The court also must charge the jury at the close of the trial as to the limited purpose for the other crimes evidence and that the defendant cannot be convicted for any crime other than the one charged or any responsive offenses to it. State v. Prieur, supra.
The fact that the other acts or crimes happened some time before the offense for which the defendant is on trial is not sufficient, in and of itself, to require the exclusion of the evidence. Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence, rather than to its admissibility. State v. Cupit, 179 So. 837 (La.1938); State v. Bolden, 241 So.2d 490 (La.1970); State v. Howard, 520 So.2d 1150 (La.App. 3d Cir.1987), writ denied, 526 So.2d 790 (La.1988); State v. Driggers, 554 So.2d 720 (La.App. 2d Cir.1989).
In summation, for the evidence to be admissible, the state must comply with the notice requirements and limiting instructions set out in Prieur, prove with clear and convincing evidence that the other acts or crimes occurred and were committed by defendant, demonstrate that the other acts satisfy one of the requirements listed in LSA-C.E. art. 404(B)(1), and, finally, show that the probative value of the evidence outweighs its prejudicial effect.

III.
There is no dispute that the state provided the defendant reasonable notice and that a Prieur hearing was held. The defendant also does not argue that the evidence of the other crimes was not clear and convincing. The straight-forward testimony of all three of defendant's adult daughters about similar sexual acts committed by their father upon them when they were young meets the clear and convincing standard.
The state contends that the evidence of prior bad acts is admissible to show intent, system, plan and knowledge under LSA-C.E. art. 404(B)(1). The state believes the testimony of the defendant's daughters shows he took advantage of one-on-one situations with immediate family female juveniles and was motivated by an unnatural interest in adolescent/pre-pubescent females. In order to obtain a conviction, the state will have to prove beyond a reasonable doubt all the elements required for the crime of molestation of a juvenile. One of those elements is that defendant had the intention of arousing or gratifying *150 the sexual desires of either himself or the victims. In other words, the state will have to prove specific intent. "This court has recognized the principle that where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed." State v. Cupit, 179 So. at 839. In Cupit, the defendant was charged with assault with intent to commit rape on his minor niece. The state introduced evidence that the defendant had raped the victim's sister some eight years previous and had been arrested for raping another niece two years before the crime at issue. This court held that the evidence was properly admitted since it tended to prove that the defendant had the requisite intent necessary to commit the crime. In that case, we noted that if the jury believed the evidence of the prior acts, these acts would show his "lustful disposition" and desire to have sex with his nieces. Therefore, in this case, the evidence of other crimes committed by defendant will be useful in proving that the defendant did not act innocently, and will negate any defense that he acted without intent or that the acts were accidental. State v. Cupit, supra; State v. Driggers, supra.
The other crimes evidence is also admissible to show plan under LSA-C.E. art. 404(B)(1)[5]. The state contends that the distinctive similarities between the generational molestations call for their admission. The acts that occurred in the past were similar to the current crimes charged. The defendant's adult daughters contend that their father would feel their breasts and vagina and intimately kiss them when they were between the ages of 8 and 15. The present charges involve defendant allegedly feeling the breasts of and kissing his two granddaughters who were 7 and 10. These acts, when viewed in light of the present charges, tend to prove that the acts were not isolated incidents, but rather a plan or system that the defendant had developed "to systematically engage in nonconsensual relations with his daughters [and granddaughters] as they matured physically." State v. Howard, 520 So.2d at 1154.
Despite the admissibility of the evidence under LSA-C.E. art. 404(B)(1), the state must still establish that the probative value of the other crimes evidence outweighs its prejudicial effect. The defendant's main argument is that the evidence is not relevant and too prejudicial based on the time lapse between the other crimes evidence and the current charges. The state refutes that contention by relying on three cases. First, the state cites State v. Cupit, supra, in which this court approved admittance of other crimes evidence that occurred eight years previous to the crime charged, stating that the remoteness issue went to the weight of the evidence rather than its admissibility. Second, the state cites State v. Howard, supra, and its finding that the remoteness of other crimes eight years previous also went to the weight and not the admissibility of such evidence. Finally, the state relies heavily on the case of State v. Driggers, supra. In Driggers, the defendant was charged with four counts of indecent behavior with a juvenile and two counts of aggravated oral sexual battery on his granddaughter, who was age six at the time of the incidents. Pursuant to Prieur, the state introduced testimony from other female juveniles concerning acts 7-28 years prior to the charged offenses to show the defendant's lustful disposition, to show a pattern and system, and to refute claims that the actions were mistakes or committed without *151 guilty knowledge. The other crimes evidence concerned testimony from six women, including the defendant's niece, that they were sexually molested by the defendant when they were from 4 to 13 years old. Most of the women had been neighbors of the defendant when they were molested. The court in Driggers considered Cupit and Howard, and noted that "the other crimes evidence would tend to demonstrate that defendant generally took advantage of one-on-one situations with female juveniles, that he was motivated by an unnatural interest in pre-pubescent and adolescent females, and that the facts giving rise to the instant charges did not occur fortuitously or accidently, but were fully intended by the defendant." Hence, the other crimes were admissible. Driggers, 554 So.2d at 724. In weighing the potential prejudice against the probative value of the testimony, the court noted that each witness testified in detail and that the fact finder would easily be able to distinguish the charged offenses from the other crimes. The court noted that the evidence will be prejudicial as "all evidence which tends to make it more probable than not that an individual committed a criminal offense is necessarily prejudicial." Id., 554 So.2d at 726. The court relied on Howard, supra, for the proposition that the remoteness, and hence the inability to defend against the other crimes, goes to the weight, rather than to the admissibility of the evidence. Although the other crimes in Driggers occurred 7-28 years earlier, the court noted that the incidents all occurred within the same time period in terms of the victims' lives, because each of them were pre-pubescent and under 12 years of age. Apart from the defendant's acquaintanceship with each victim, which made the prior charges easier to defend against, the court mentioned that "the continuity and consistency with which the other crimes occurred indicate a pattern of behavior and not merely one or two isolated incidents. The significance of the other crimes lies as much in what motivates defendant to act as in what occurred. His apparent tendency to partake in pedophilic activities is of long standing and appears to be firmly entrenched." Id., 554 So.2d at 727. The court concluded by holding "that, under the peculiar circumstances of this case, the mere passage of time, without more, does not require their exclusion." Id., 554 So.2d at 727.
We find that the time between the other crimes evidence and the offense charged is but one factor to be considered when balancing probative value, prejudicial effect and relevancy. Length of time between the offenses should not exclude otherwise admissible evidence unless the lapse strips the testimony of probative value. While there must be some connexity between the crime charged and the other acts or crimes, the mere passage of time will not necessarily defeat admissibility. However, such a determination must be made on a case by case basis taking into account the peculiar facts of every individual case with much discretion given to the trial judge. State v. Cupit, supra; State v. Driggers, supra. In this case, we find that the trial judge abused his discretion by denying admissibility based on remoteness.
After examining the facts of this case, we conclude that the other crimes evidence is not too remote for admissibility[6]. The other crimes occurred during the same pre-pubescent time period in the daughters' lives as the present charges allegedly occurred in the granddaughters' lives. State v. Driggers, supra. *152 More significantly, the fact that such a long period of time has passed is a natural occurrence given what appears to be a pattern or plan of defendant to molest young females in his family. See Cooper v. State, 173 Ga.App. 254, 325 S.E.2d 877 (1985); Staggers v. State, 120 Ga.App. 875, 172 S.E.2d 462 (1969); and State v. Moore, 120 Idaho 743, 819 P.2d 1143 (1991).
As remoteness is but one factor in the probative value versus prejudicial effect balancing test, we must also examine other issues that affect such a determination. The defendant will unquestionably be prejudiced by this evidence as he will have to defend charges based on actions that occurred 15 to 24 years ago. However, such prejudice does not outweigh the probative value of the evidence. The daughters testified in sufficient detail and particularity to allow the defendant to refute the charges. State v. Driggers, supra. Additionally, since this is an intrafamilial situation, the defendant is well acquainted with the persons accusing him of other crimes and will be in a position to point out credibility problems and/or ulterior motives. He will also be better able to explain his alleged actions than if the accuser were a stranger or even a third party known to him. See State v. Driggers, supra; State v. Maestas, 224 N.W.2d 248 (Iowa 1974).
However, as to part of the daughters' testimony regarding the acts committed by defendant upon them, the probative value/prejudicial balance tips in favor of exclusion. The testimony of prior rapes of one daughter, the defendant showing his penis to another, and fondling their vaginas should not be admitted because the prejudicial value of the testimony outweighs its probative force, considering that the defendant is charged only with kissing his granddaughters and fondling their breasts in the present case. These other acts are dissimilar and more serious than the current criminal charges for which the defendant will stand trial. The recitation of these acts will only serve to inflame the jury. These differing and more grave offenses have no relevance other than to show that the defendant is a man of bad character. Thus, their admission would violate LSA-C.E. art. 403, as their prejudicial effect would outweigh their probative value. On the other hand, the daughters' testimony regarding defendant's acts of kissing them and fondling their breasts is admissible, as these acts are similar to the current charges and their probative value outweighs the prejudicial effect.

IV.
We hold that the testimony of defendant's three adult daughters that their father fondled their breasts and kissed them to be admissible to prove intent and plan. Such evidence is neither overly prejudicial nor too remote. However, the testimony that the defendant raped one of his daughters, fondled his daughters' vaginas, and exposed himself to one of them is irrelevant and its prejudicial effect outweighs its probative value. Therefore, that portion of the testimony is inadmissible.
The judgment of the trial court is reversed in part, and affirmed in part, and the case is remanded to the district court for further proceedings.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Justice Dennis was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] LSA-R.S. 14:81.2 provides in pertinent part:

Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
[2] LSA-C.E. art. 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
[3] LSA-C.E. art. 404(B)(1) states:

Except as provided in Article 412 [rape shield] evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
[4] LSA-C.E. art. 1103 provides as follows:

Article 404(B) and 104(A) neither codifies nor affects the law of other crimes evidence, as set forth in State v. Prieur, 277 So.2d 126 (La. 1973), State v. Davis, 449 So.2d 466 (La.1984) and State v. Moore, 278 So.2d 781 (La. 1973) and their progeny, as regards the notice requirement and the clear and convincing evidence standard in regard to other crimes evidence. Those cases are law and apply to Article 404(B) and 104(A), unless modified by subsequent state jurisprudential development.
[5] Other jurisdictions allow similar evidence for various reasons. Evidence of the defendant's lustful disposition for the victim's other siblings is admissible in Georgia to show the "intent, bent of mind or general plan to use his daughters to [gratify his] lust or passions or sexual desires...," Staggers v. State, 120 Ga.App. 875, 172 S.E.2d 462, 464 (1969); Bellamy v. State, 157 Ga.App. 265, 277 S.E.2d 284 (1981); in Indiana to demonstrate "depraved sexual instinct," Grey v. State, 273 Ind. 439, 404 N.E.2d 1348 (Ind. 1980); in Texas to place the victim's testimony "in its proper perspective" and to show "guilty knowledge, ... unnatural attention toward the complaining child witness, as well as the probability of the act." Garcia v. State, 573 S.W.2d 12, 16 (Texas Crim.Ct.App. 1978); in Wisconsin, Wyoming, and Montana to show a common scheme or plan, motive or intent, Hendrickson v. State, 61 Wis.2d 275, 212 N.W.2d 481 (1973); State v. Long, 223 Mont. 502, 726 P.2d 1364 (1986); Brown v. State, 736 P.2d 1110 (Wyo.1987); Elliot v. State, 600 P.2d 1044 (Wyo.1979) (interpreting Rule 404(B).
[6] Other jurisdictions have admitted such evidence and overruled challenges based on remoteness. In Cooper v. State, 173 Ga.App. 254, 325 S.E.2d 877 (1985), the court admitted testimony from defendant's adult daughters regarding acts committed by defendant upon them 19 years previous to a prosecution for incest involving defendant's granddaughters. In State v. Maestas, 224 N.W.2d 248 (Iowa 1974), the court allowed testimony of an older daughter concerning acts committed upon her six to ten years previously by her father, the defendant in a prosecution for sexual offenses committed against a younger daughter. See Staggers v. State, 120 Ga.App. 875, 172 S.E.2d 462 (1969); Ortiz v. State, 188 Ga.App. 532, 374 S.E.2d 92 (1988); State v. Moore, 120 Idaho 743, 819 P.2d 1143 (1991); State v. Mink, 146 Wis.2d 1, 429 N.W.2d 99 (App.1988); State v. Stephens, 237 Neb. 551, 466 N.W.2d 781 (1991). See also cases cited in W.A. Harrington, LL.B., "Remoteness in Time of Other Similar Offenses Committed by an Accused as Affecting Admissibility of Evidence Thereof in Prosecution for Sex Offense" 88 ALR3d 8 (1978), (Supplement 1992).