791 So.2d 1286 (2001)
STATE of Louisiana
v.
Edwin KELLY.
No. 2001-KD-0124.
Supreme Court of Louisiana.
June 29, 2001.
PER CURIAM.
Granted in part; denied in part. Other crimes evidence is admissible when offered for a purpose allowed under La. C.E. art. 404(B)(1) such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. See State v. Prieur, 277 So.2d 126 (La.1973). At the Prieur hearing, through the testimony of three female students *1287 (A.L., D.G., and K.B.), the state established that defendant previously touched other female students inappropriately, or engaged in "lewd and lascivious" conduct in their presence, and thereby engaged in acts which, if formally pursued, could result in prosecution for indecent behavior with juveniles, the offense charged in the instant case. La.R.S. 14:81. An element of the instant offense requires the state to prove that defendant acted with "an intent to arouse or gratify the sexual desire of either the offender or the victim." Therefore, the testimony of these three witnesses appears highly probative on the question of whether the defendant deliberately engaged in lewd and lascivious conduct with the victim of the charged offense with the specific intent of arousing his or her sexual desire. See State v. Jackson, 625 So.2d 146, 150 (La. 1993)("[W]here the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed.")(quoting State v. Cupit, 189 La. 509, 179 So. 837, 839 (1938)). Accordingly, the testimony of these three females is admissible in the state's case in chief at the upcoming trial to show that defendant did not act innocently or to negate any defense that he acted without intent or that the acts were accidental. To the extent that the trial court ruled the testimony of these three witnesses admissible, the ruling is affirmed.
However, the trial court erred in ruling that the testimony of the remaining 15 witnesses who testified at the Prieur hearing is admissible in the state's case in chief. Such non-victim testimony appears cumulative, repetitive, and excessive. La. C.E. art. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). The volume of the state's evidence of other crimes creates an undue risk that at trial it may overwhelm the single allegation of indecent behavior with a juvenile in the charged instant offense. Accordingly, the testimony of the 15 nonvictim witnesses, i.e., other than the three female students named above, is not admissible in the state's case in chief. To this extent, the ruling of the trial court is vacated. However, the trial court may reconsider the admissibility of testimony from other eyewitnesses to the uncharged conduct involving the three females as part of the state's rebuttal case if one is made necessary by evidence presented in a defense case.
The case is remanded to the trial court for further proceedings consistent with the views expressed herein.