PER CURIAM:
Writ granted. "Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence, rather than to its admissibility." State v. Jackson , 625 So.2d 146, 149 (La. 1993). In the present case, while the prior crimes occurred between six and eleven years ago, their probative value would not appear to be substantially outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of *280 time," La.C.E. art. 403, considering defendant stands charged with ten burglaries and the state only seeks to admit evidence of three prior offenses-an attempted burglary and two burglaries-which are probative of defendant's intent and absence of mistake. Accordingly, we reverse the district court's ruling, which excluded the prior crimes from trial, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED
WEIMER, J., would deny.