**STATE OF LOUISIANA**      \*      **NO. 2021-K-0547**

**VERSUS**      \*

     **COURT OF APPEAL**

**ALFRED SIMMONS**      \*

     **FOURTH CIRCUIT**

     \*

     **STATE OF LOUISIANA**

**\* \* \* \* \* \* \***


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 546-631, SECTION "DIVISION L"
Judge Angel Harris,
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

David LeBlanc
Assistant District Attorney
Jason Rogers Williams
DISTRICT ATTORNEY
Parish of Orleans
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR RELATOR/STATE OF LOUISIANA


Alexis Chernow
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

     COUNSEL FOR RESPONDENT/DEFENDANT


     **WRIT GRANTED, REVERSED**

     **NOVEMBER 24, 2021**

This writ presents the issue of whether the district court erred in granting the defendant's motion to exclude La. C.E. art. 412.4 evidence. For the following reasons, we grant the State's writ and reverse the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

On August 23, 2019, Alfred Simmons ("Defendant") was charged by indictment with stalking, second degree murder in which a firearm was used, possession of a firearm by a convicted felon, and obstruction of justice. The alleged victim of the stalking and second degree murder charges was Defendant's former girlfriend ("Victim"). Defendant appeared for arraignment on August 27, 2019, at which time he entered a plea of not guilty.

On October 14, 2020, the State filed a notice of intent to introduce evidence of similar crimes, wrongs, and/or acts at trial pursuant to Louisiana Code of Evidence art. 404(B). On December 9, 2020, the district court granted the State's motion to introduce evidence of similar crimes, wrongs, and/or acts at trial pursuant to La. C.E. art. 404(B). Defendant filed a motion to reconsider the court's ruling. On March 15, 2021, the district court granted the motion to reconsider and

1

ruled that the evidence sought to be introduced does not meet the exceptions outlined by La. C.E. art. 404(B)(1) and will not be admitted at trial.

On April 21, 2021, the State filed a notice of intent to offer evidence pursuant to La. C.E. art. 412.4. As explained more fully below, the evidence sought to be introduced relates to incidents of abusive behavior against Defendant's previous girlfriend ("Previous Girlfriend"). On May 6, 2021, Defendant filed a motion to exclude the La. C.E. art. 412.4 evidence and requested a hearing. On July 14, 2021, a hearing was conducted. The district court granted Defendant's motion to exclude the other acts evidence on July 28, 2021. The State now seeks supervisory review of the district court's ruling excluding the La. C.E. art. 412.4 evidence.

The facts regarding the case *sub judice,* as detailed in the State's notice of intent to offer evidence pursuant to La. C.E. art. 412.4, are as follows:

> The allegations underlying these counts are that the defendant began stalking his former dating partner, [Victim]. The stalking escalated to threats of physical violence, then actual violence, and, ultimately, the murder of [Victim] through use of a deadly weapon. The deadly weapon alleged is a firearm, which the defendant, due to his felon status, was unlawfully in possession of.

The State relates the prior incident it seeks to introduce as follows:

> [F]rom December 21, 2011 to January 15, 2012, the defendant also engaged in stalking of a previous former dating partner, [Previous Girlfriend]. Again, the stalking escalated to threats of physical violence, then actual violence, and ultimately, battery through the use of a deadly weapon. Fortunately, [Previous Girlfriend] survived her encounter with the defendant. See attached Las Vegas, Nevada Police reports and Indictment.

## DISCUSSION

La. C.E. art. 412.4, entitled "Evidence of similar crimes, wrongs, or acts in domestic abuse cases and cruelty against juveniles cases," provides in pertinent part:

> A. When an accused is charged with a crime involving abusive behavior against a family member, household member, or dating partner or with acts which constitute cruelty involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving assaultive behavior against a family member, household member, or dating partner or acts which constitute cruelty involving a victim who was under the age of seventeen at the time of the offense, may be admissible and may be considered for its bearing on any matter to which it is relevant, subject to the balancing test provided in Article 403.

"Abusive behavior" is defined as "any behavior of the offender involving the use or threatened use of force against the person or property of a family member, household member, or dating partner of the alleged offender." La. C.E. art. 412.4(D)(1). "Dating partner" is defined as "any person who is involved or has been involved in a sexual or intimate relationship with the offender characterized by the expectation of affectionate involvement independent of financial considerations, regardless of whether the person presently lives or formerly lived in the same residence with the offender [but] shall not include a casual relationship or ordinary association between persons in a business or social context." La. C.E. art. 412.4(D)(2).

La. C.E. art. 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.

In *State v. Ard*, 20-221, pp. 15-16 (La. App. 5 Cir. 4/28/21), --- So.3d ---,

2021 WL 1660916, \*8, the court held as follows:

> This Court recently addressed the application of La. C.E. art. 412.4 in *State v. Thomas*, 19-582 (La. App. 5 Cir. 7/29/20), 300 So.3d 517, *writ denied*, 20-1503 (La. 3/2/21), 311 So.3d 1053, stating:
>
>> Though little jurisprudence exists regarding the application of La. C.E. art. 412.4, in 2001, the Louisiana legislature enacted a similar provision, La. C.E. art. 412.2, which allows the admission of evidence in sex offense cases of other crimes, wrongs or acts involving sexually assaultive behavior or which indicate a lustful disposition toward children. In *State v. Wright*, 11-141 (La. 12/6/11), 79 So.3d 309, 317, the Louisiana Supreme Court pointed out that in enacting La. C.E. 412.2, "the Legislature did not see fit to impose a restriction requiring such evidence to meet a stringent similarity requirement for admissibility." La. C.E. art. 412.2 was enacted to loosen restrictions on other crimes evidence. *Id.* at 317; *State v. Evans*, 19-237, p. 9 (La. App. 5 Cir. 6/3/20), 298 So.3d 394. Thus, pursuant to La. C.E. art. 412.2, evidence of a prior sexual offense indicating that the defendant has a lustful disposition toward children is admissible if relevant and if the probative value outweighs the prejudicial effect. *Id.*
>>
>> Considering the similarity between La. C.E. arts. 412.2 and 412.4, we find that evidence of prior acts of domestic abuse and cruelty to juveniles is also admissible if relevant and the probative value outweighs the prejudicial effect. The admissibility of evidence under this article is not limited to those actions that are identical or similar in nature to the charged crime. *See* Louisiana Practice Evidence Art. 412.4, Evidence of Similar Crimes, Wrongs, or Acts in Domestic Abuse Cases and Cruelty Against Juveniles Cases (2019 ed.).

4

Further, even if independently relevant, the evidence may be excluded if its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, or waste of time. *See* La. C.E. art. 403. Any inculpatory evidence, however, is "prejudicial" to a defendant, especially when it is "probative" to a high degree. *State v. Rodgers*, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1201, *writs denied*, 16-2189 (La. 9/15/17), 225 So.3d 479 and 16-2093 (La. 1/29/18), 235 So.3d 1104. As used in the balancing test, prejudice limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. *Id.*; *Thomas*, 300 So.3d at 527-28. The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged. *State v. Smith*, 19-607 (La. App. 5 Cir. 1/21/20), --- So.3d ---, 2020 WL 356010, *writ denied*, 20-328 (La. 5/1/20), 295 So.3d 945.

Article 412.4 is intended to be an exception to Article 404(B)(1), which limits the use of other crimes evidence to non-propensity purposes and specifically prohibits evidence that tends to show the defendant's criminal propensity. *See* Louisiana Practice Evidence Art. 412.4, Evidence of Similar Crimes, Wrongs, or Acts in Domestic Abuse Cases and Cruelty Against Juveniles Cases (2021 ed.). Article 412.4 allows the admission of other incidents of domestic abuse for any relevant purpose, including the defendant's character and his acts in conformity therewith, subject only to the balancing test established by La.Code Evid. art. 403. *State v. Porter*, 19-221, p. 16 (La. App. 3 Cir. 8/14/19), 279 So.3d 1010, 1021.

The prior crimes evidence the State seeks to admit involves a crime of stalking and violence toward the victim and is therefore relevant. In conducting the balancing analysis, the district court held that "the danger of unfair prejudice substantially outweighs the probative value of the evidence at issue" because "[the] prior domestic violence incident occurred a decade prior to the present case and

5

involved a different victim" and "apart from the mere fact that a [prior] domestic violence incident occurred, there is no pattern of stalking or any other pattern of substantial similarity between the prior incident and the present case."

Although the prior crime occurred numerous years before the incident at issue herein, a lapse in time will generally go to the weight of the evidence, rather than to its admissibility. The Supreme Court addressed the effect remoteness in time has on the admissibility of prior crimes evidence:

> The fact that the other acts or crimes happened some time before the offense for which the defendant is on trial is not sufficient, in and of itself, to require the exclusion of the evidence. Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence, rather than to its admissibility.
> ....
> ... the time between the other crimes evidence and the offense charged is but one factor to be considered when balancing probative value, prejudicial effect, and relevancy. Length of time between the offenses should not exclude otherwise admissible evidence unless the lapse strips the testimony of probative value. While there must be some connexity between the crime charged and the other acts or crimes, the mere passage of time will not necessarily defeat admissibility.

*State v. Altenberger*, 13-2518, p. 9 (La. 4/11/14), 139 So.3d 510, 516 (citing *State v. Jackson,* 625 So.2d 146, 149-51 (La. 1993).

The district court erroneously concluded that the prior crime did not involve stalking. The prior crimes evidence shows that Defendant engaged in a pattern of stalking his previous girlfriend, which eventually escalated to threats of physical violence, then actual violence, and ultimately, battery through the use of a deadly weapon. The prior crimes evidence involves actions taken against a prior dating partner and is highly probative. The facts of the prior crime are not complicated,

6

nor are they likely to confuse or mislead the jury. We find that the district court erred in finding that the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice.

## CONCLUSION

After carefully reviewing the prior crimes evidence in light of La. C.E. art. 403 and La. C.E. art. 412.4, we find the probative value of the evidence outweighs any danger of unfair prejudice to Defendant. Thus, we find the district court abused its discretion, grant the State's writ application, rule the La. C.E. art. 412.4 evidence admissible, and remand the matter for further proceedings in conformity with this court's ruling.

**WRIT GRANTED, REVERSED**