ON SUPERVISORY WRIT FROM THE CRIMINAL DISTRICT COURT, PARISH OF ORLEANS
PER CURIAM:
L Granted. The trial court’s ruling excluding evidence of defendant’s prior aggravated battery conviction is hereby reversed and the matter .is remanded to the trial court for further proceedings.
Defendant is charged with the second degree murder of Joseph Kyle and the first degree rape, second' degree kidnapping, and armed robbery of J.W. After this court granted .defendant’s previous writ and remanded for reconsideration, of the state’s notice of intent to introduce other crimes evidence, in light of the decision in State v. Taylor, 16-1124, 16-1183 (La. *244 12/1/16), 217 So.3d 283,[1] the trial court reversed its earlier decision and ruled the evidence of defendant's prior criminal conduct inadmissible, deeming it an “irrelevant prior act” offered only to establish his bad character. As discussed below, we grant the state’s writ to reverse the trial court’s ruling because the evidence of the prior offense is admissible for the limited purpose of proving intent.
1 gIf the element of intent is at issue, evidence of similar unrelated conduct is admissible to negate a defense theory that the accused acted without criminal intent and to show that he intended to commit the charged offense(s). La. C.E. art. 404(B).[2] For evidence of a prior criminal act to be admitted as proof of intent, however, three prerequisites must be satisfied: (1) the prior act must be similar, (2) there must be a real and genuine contested issue of intent, and (3) the probative value of the evidence must outweigh its prejudicial effect. State v. Kahey, 436 So.2d 475, 488 (La. 1983).
Here, as to similarities between the crimes, though the prior conviction was a guilty plea to the offense of aggravated battery, an offense different from the several counts now charged, it is the similarity of the accused’s prior conduct itself that matters. There is evidence that in each instance the crimes occurred in or near the same area, a female was targeted, the victims were “pistol-whipped” with a semiautomatic handgun, a victim’s cell phone was taken, and the perpetrator acted with an accomplice. Considering these similarities, and mindful that the degree of similarity required to admit evidence of prior criminal conduct for the purpose of showing intent is lower than if it is sought to establish the defendant’s identity, this prong has been met.[3]
As to whether the element of intent will be genuinely contested here, ^defendant argues he has been charged with general-intent crimes and therefore his intent will not be disputed. In light of the nature of J.W.’s (the surviving victim) accusations, however, and the physical evidence linking defendant to the rape, it appears reasonably likely that the state will have to negate a defense theory that J.W., who has *245 admitted to acting as a prostitute, consented to getting into the vehicle with defendant and consented to having sexual intercourse with him. See, e.g., State v. Talbert, 416 So.2d 97, 100 (La. 1982) (“Normally if the act is proved, there can be no real question as to intent. However, under the facts of this particular case there is a real issue of the defendant’s intent to have intercourse without the victim’s consent.”). Thus, because this appears to be a case in which intent will be contested, at least with respect to some charges (kidnapping and rape), this prong has been met.
Finally, because the nature of the instant offenses is considerably graver than the conduct underlying defendant’s prior conviction—here there was a homicide and a rape—the probative effect of the evidence of his prior crime is weightier than any prejudice arising from its admission as proof of intent.
Accordingly, we reverse the trial court’s ruling excluding the evidence and find it admissible for the limited purpose of proving intent.

. See State v. Kennedy, 16-1882 (La. 2/3/17), 215 So.3d 690. That intervention was warranted because the trial court did not initially hold a hearing before ruling on the admissibility of the evidence. Such an omission ran afoul of Taylor's holding that “a pre-trial hearing is required before the district court can make [] a ruling” as to admission of other crimes evidence. Taylor, 16-1124, p. 20, 217 So.3d at 296.

. See, e.g., State v. Wilson, 50,418, pp. 17-19 (La. App. 2 Cir. 4/6/16), 189 So.3d 513, 526, writ denied, 16-0793 (La. 4/13/17), 218 So.3d 629. See also State v. Jackson, 625 So.2d 146, 150 (La. 1993) ("[W]here the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show intent with which the act charged was committed.” (quoting State v. Cupit, 189 La. 509, 179 So. 837, 839 (1938)); State v. Mills, 00-2525 (La. App. 4 Cir. 12/27/01), 806 So.2d 59 (other crimes evidence is excluded to show intent when crime charged is a general-intent crime, unless the parties dispute whether the accused intended to commit a crime), writ denied, 02-0278 (La. 10/25/02), 827 So.2d 1171.

.If the evidence is offered as proof of the accused's identity, both the prior and instant conduct must be "peculiarly distinctive” in nature. State v. Langley, 95-2029, p. 6 (La. App. 4 Cir. 9/4/96), 680 So,2d 717, 721, writ denied, 688 So.2d 498, 96-2357 (La. 2/7/97); see also State v. Bell, 99-3278, p. 5 (La. 12/8/00), 776 So.2d 418, 421 ("The identity exception to inadmissibility under Article 404 B must be limited to cases in which the crimes are genuinely distinctive; otherwise, the rule may be swallowed up with identity evidence exceptions.”) (citing George W. Pugh et al, Handbook on Louisiana Evidence Law, Official Comments to Article 404 B, cmt. (6) (1988)).