STATE OF LOUISIANA

VERSUS

MAYNOR RAMOS

NO. 24-K-479

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

November 08, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** MAYNOR RAMOS

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 23-196

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT DENIED**

In this writ application, defendant, Maynor Ramos, seeks this Court's supervisory review of the district court's August 19, 2024 judgment granting the State of Louisiana's notice of intent to introduce other crimes evidence under La. C.E. art. 404(B) pertaining a prior July 2022 altercation involving Ramos. For the following reasons, this writ application is denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 4, 2023, a Jefferson Parish Grand Jury returned an indictment charging defendant, Maynor Ramos,[1] with the second-degree murder of Carlos Galvez, a violation of La. R.S. 14:30.1 (count one), attempted second-degree murder of A.G., a seventeen-year-old,[2] a violation of La. R.S. 14:27:30.1 (count

---

[1] On the same indictment, the State charged Carolina Andrea Morales with the same three offenses. On May 22, 2024 the district court granted a motion for severance filed by the State.

[2] In this writ application, the initials of the minor child are used to protect and maintain the privacy of the minor child involved in this proceeding. *See* Uniform Rules–Courts of Appeal, Rule 5–1 and Rule 5–2.

two), and obstruction of justice in a murder investigation by tampering with evidence used in a murder and attempted murder, a violation of La. R.S. 14:130.1 (count three). Ramos pled not guilty.

On January 8, 2023, Jefferson Parish Sheriff's Office ("JPSO") deputies responded to a shooting at the La Rumba Bar & Grill ("La Rumba"), in Harvey, Louisiana. Upon arriving, the officers found two victims—one deceased from a fatal gunshot wound, and another with a gunshot wound to the neck. Law enforcement's investigation, including eyewitness accounts, revealed that a Hispanic male and a Hispanic female entered into a heated verbal argument that escalated, which led to the shooters arming themselves and the shooting of the victims. Ramos and Morales, who both fled the scene, were identified by multiple witnesses as the perpetrators. There were no other firearms recovered at the scene. Forensic analysis confirmed that two separate 9mm firearms were used to shoot the victims. Ramos and Morales were later arrested on warrants for second-degree murder, attempted second-degree murder, and obstruction of justice. According to the State, both defendants downplayed their actions, claiming self-defense or manslaughter.

Subsequent to the indictment, the State filed a notice of intent to introduce other crimes evidence pursuant to La. C.E. art. 404(B). Specifically, the State noticed its intent to introduce evidence of a prior altercation occurring at a nightclub in July 2022, involving both Ramos and Morales, which escalated to the point where one of them allegedly fired a gun. According to the State, the evidence is admissible as it fits squarely within La. C.E. art. 404(B) in that these alleged prior bad acts tend to prove intent, *modus operandi*, opportunity, and identify, in addition to rebutting any claim of self-defense or defense of others.

In response, Ramos filed an opposition to the State's notice, arguing for the exclusion of evidence of the prior July 2022 altercation, asserting the probative

2

value of the evidence is outweighed by its prejudicial effect and that the State has not proven its relevance to the instant case.

A hearing on the State's 404(B) motion was held on July 18, 2024, and the district court took the matter under advisement.[3]  On August 19, 2024, the district court issued judgment, granting the State's 404(B) notice as to both Ramos and Morales regarding the July 2022 incident occurring at a nightclub involving both defendants.  The district court determined that ample evidence existed between the two incidents as Ramos and Morales were alleged to have similarly escalated a verbal altercation at a local bar into a physical altercation and subsequent shooting. The court ruled that the prior incident constituted evidence of intent, knowledge, identity, and/or absence of mistake or accident.  The court further ruled the value of the evidence is not outweighed by the danger of unfair prejudice.

This writ application followed.[4]

**DISCUSSION**

*Applicable Law*

A trial court's ruling as to the admissibility of other crimes evidence is reviewed for an abuse of discretion. *State v. Kiger*, 13-69 (La. App. 5 Cir. 10/30/13), 128 So.3d 552, 557.  Generally, evidence of other crimes or bad acts committed by a criminal defendant is not admissible at trial.  *State v. Neveaux*, 23-

---

[3]　The State filed a single notice of intent addressing both Ramos and Morales, and a joint hearing took place on July 12, 2024, resulting in one judgment.

[4]　It is noted that the ruling in this case was on August 19, 2024.  Defense counsel filed a notice of intent to seek supervisory review on September 17, 2024, requesting thirty days from that date, or until October 17, 2024, to file a writ application.  The district court granted counsel's notice of intent and set a return date to be filed "within the delays allowed by law."  Instead, the district court should have specified a date for the return as required by Uniform Rules–Courts of Appeal, Rule 4–3, which provides that the return date should not exceed thirty days from the date of the ruling, and "[i]n all cases the judge shall set a specific return date."  Here, the thirty dates from the August 19, 2024 ruling elapsed on September 18, 2024.  Defense counsel filed a motion for extension on September 27, 2024, which was granted giving counsel until October 14, 2024, to file the writ, which was ultimately filed on that date.  The district court does not have the authority to grant an untimely motion for an extension of the return date that has been filed outside the original or extended return date period.  *See State v. Fisher*, 18-K-98 (La. App. 5 Cir. 3/19/18) (unpublished writ disposition), *writ denied*, 18-608 (La. 6/15/18), 257 So.3d 676.  *See also State v. Goppelt*, 08-576 (La. 10/21/08), 993 So.2d 1188, where the Supreme Court held that refusing to consider an application under Rule 4–3 should apply to cases sparingly, especially when the State does not object.  Here, the State urged no objection to defense counsel's delayed filing.

477 (La. App. 5 Cir. 11/10/23), 377 So.3d 749, 757, *writ denied*, 23-1633 (La. 3/12/24), 381 So.3d 56. Courts may not admit evidence of other crimes, wrongs, or acts of a criminal defendant in order to show that the defendant is a person of bad character who has acted in conformity therewith. La. C.E. art. 404(B); *State v. Hardy*, 14-1569 (La. 11/21/14), 154 So.3d 537, 538. However, when evidence of other crimes tends to prove a material issue and has independent relevance other than to show that the defendant is of bad character, it may be admitted by certain statutory and jurisprudential exceptions to this rule. *State v. Jenkins*, 18-645 (La. App. 5 Cir. 4/3/19), 267 So.3d 203, 207, *writ denied*, 19-1223 (La. 10/21/19), 280 So.3d 1169. The State may introduce evidence of other crimes, wrongs, or acts if it establishes an independent and relevant reason for its admissibility, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. La. C.E. art. 404(B); *Hardy*, *supra*. The evidence must tend to prove a material fact at issue or to rebut a defendant's defense. *State v. Martin*, 377 So.2d 259, 263 (La. 1979). Courts have allowed the admission of other crimes evidence to rebut a defendant's self-defense claim. *State v. Gasser*, 18-531 (La. App. 5 Cir. 7/3/19), 275 So.3d 976, 993.

If the element of intent is at issue, evidence of similar unrelated conduct is admissible to negate a defense theory that the accused acted without criminal intent and to show that he intended to commit the charged offense. *State v. Kennedy*, 17-724 (La. 9/29/17), 227 So.3d 243, 244. The supreme court has recognized the principle that where the element of intent is regarded as an essential ingredient of the crime charged, it is proper to admit proof of similar but disconnected crimes to show the intent with which the act charged was committed. *State v. Jackson*, 625 So.2d 146, 150 (La. 1993). For evidence of a prior criminal act to be admitted as proof of intent, however, three prerequisites must be satisfied: (1) the prior act must be similar, (2) there must be a real and genuine contested issue of intent, and

4

(3) the probative value of the evidence must outweigh its prejudicial effect. *Kennedy*, *supra*.

The fact that the other acts or crimes happened some time before the offense for which defendant is on trial is not sufficient, in and of itself, to require the exclusion of the evidence. *State v. Guidroz*, 98-377 (La. App. 5 Cir. 10/14/98), 721 So.2d 480, 486, *writ denied*, 98-2874 (La. 2/26/99), 738 So.2d 1061. Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence rather than to its admissibility. *Id*.

Finally, the probative value of the extraneous evidence must outweigh its prejudicial effect. *State v. Page*, 08-531 (La. App. 5 Cir. 11/10/09), 28 So.3d 442, 451, *writ denied*, 09-2684 (La. 6/4/10), 38 So.3d 299. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. Clearly, evidence of other crimes or bad acts is prejudicial since all evidence which tends to make it more probable than not that an individual committed a criminal offense is necessarily prejudicial. *State v. Williams*, 02-645 (La. App. 5 Cir. 11/26/02), 833 So.2d 497, 507, *writ denied*, 02-3182 (La. 4/25/03), 842 So.2d 398. However, the underlying policy is not to prevent prejudice, since evidence of other crimes is always prejudicial, but to protect against unfair prejudice when the evidence is only marginally relevant to the determination of guilt of the charged crime. *Id*. As used in the balancing test, "prejudicial" limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. *State v. Rodgers*, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1201, *writs denied*, 16-2189 (La. 9/15/17), 225 So.3d 479 and 16-2093 (La. 1/29/18), 235 So.3d 1104.

5

Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to La. C.E. art. 404(B)(1) will not be disturbed. *Jenkins*, *supra*.

### *The July 2022 nightclub incident and shooting involving Morales and Ramos*

In its notice of intent, the State sought to introduce evidence of a prior 2022 nightclub altercation involving both Ramos and Morales during which a gun was fired and a person was injured. The State averred that on January 11, 2023, a witness, A.D., contacted the JPSO after seeing an online post about the arrests of Ramos and Morales for the shootings at La Rumba, and advised officers that she recognized the couple from a prior altercation occurring in July of 2022. A.D. reported encountering Morales, whom she suspected was having an affair with her husband, at a nightclub. A.D. described that a verbal altercation that turned physical ensued, during which she heard a "pop." She claimed she saw Ramos throw a chair at her. She did not see Morales with a firearm. A.D. reported that she lost sight of the defendants, but later discovered a wound to her hip consistent with a graze wound from a gunshot. During the investigation, officers found a damaged projectile on the floor of the nightclub, subsequently determined to be a .40 caliber round. Attached to the State's notice of intent was the Gretna police report and a supplemental police report from the July 2022 incident, the JPSO Crime Lab Firearms report, and A.D.'s identification of Ramos and Morales.

In his writ application, Ramos argues the district erred in permitting the State to introduce evidence of Ramos' alleged involvement in the nightclub incident. Counsel explains that although Ramos and Morales were present during a fight in which a weapon was allegedly fired, no evidence connects Ramos to the shooting. Counsel argues that with fifty to sixty people present, no witnesses identified Ramos as possessing a gun or directly involved in the shooting. Counsel further argued that the 2022 incident bears no relation to the January 2023 offense,

6

making the trial court's admission of this La. C.E. art. 404(B) evidence improper. In short, Ramos argues there is simply no connection, and thus, the district court erred in its determination that the similarities between the incidents supported the admissibility of the evidence without a substantial risk of unfair prejudice.

In response, the State avers that the similarities between defendants' current and prior crimes demonstrate their intent in the instant case. The State contends that proving defendants' identities as perpetrators of the prior crimes helps establish their identities in the current offense. Additionally, the State argues that the repeated pattern of escalating verbal disputes into life-threatening situations, particularly at nightclubs or bars, shows a lack of mistake or accident and undermines defendants' claims of self-defense.

The State provides that defense counsel plans to raise a self-defense claim and argues that courts have allowed other crimes evidence to rebut such claims. While acknowledging that it was never conclusively established whether Morales or Ramos fired a gun in the 2022 incident, the State argues this overlooks the lower standard of proof required for admitting Article 404(B) evidence. The State highlights the district court's finding of significant circumstantial evidence that one of the defendants fired the gun in a nightclub in 2022. The State argues that a prior nightclub altercation is admissible to rebut self-defense in the current case and contends the district court correctly allowed evidence of the 2022 incident, citing to *State v. Gasser*, 18-531 (La. App. 5 Cir. 7/3/19), 275 So.3d 976.

Here, the evidence shows that both Ramos and Morales were involved in altercations that escalated into physical confrontations occurring in bar or nightclub settings. As to the charged offense occurring on January 8, 2023, at La Rumba, a verbal dispute escalated into a shooting where witnesses confirmed that Ramos and Morales were the perpetrators. Similarly, in the July 2022 incident, a confrontation between Morales and the victim at a nightclub also escalated into

7

physical violence, during which it is suspected, based on the testimony of eyewitnesses and the grazing wound sustained by the victim, that a firearm was discharged. Comparing the factual circumstances of the incidents, even though there are some differences between the January 8, 2023 charged offense and the July 2022 incident,[5] when considering Ramos' involvement in both confrontations and the escalation of conflicts into violence, we find sufficient factual similarities certainly exist. We find no abuse of the district court's discretion in determining the evidence of the July 2022 incident is admissible to refute Ramos' self-defense claim. *See Gasser*, *supra*; *Sate v. Clanton*, 19-316 (La. App. 4 Cir. 11/6/19), 285 So.3d 31. Although evidence of the prior offense is necessarily prejudicial, we note that this other crime evidence is not unduly and unfairly prejudicial, and is merely one factor that will go to the weight of the evidence rather than its admissibility.

For these reasons, Ramos' writ application is denied.

Gretna, Louisiana, this 8th day of November, 2024.

**SMC**
**MEJ**
**JJM**

---

[5] The January 2023 incident resulted in one fatality and another critical injury, while the July 2022 incident involved a graze wound. Additionally, it appears that Morales and Ramos in the January 2023 offense were unfamiliar with the victims prior to the incident, whereas Morales and the July 2022 victim (A.D.) had prior interactions. The January incident involved two firearms, while witnesses in the July 2022 altercation reported only a "pop" without confirmed evidence of gunfire. Moreover, the January 2023 incident began with a verbal exchange leading to a shooting it in the parking lot of La Rumba, whereas the July 2022 incident began with a physical altercation inside a nightclub involving a thrown chair and a reported gunshot wound.

8

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/08/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-479**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Mark D. Plaisance (Relator)

Thomas J. Butler (Respondent)
Darren A. Allemand (Respondent)

### MAILED

Remy V. Starns (Relator)
Attorney at Law
301 Main Street
Suite 700
Baton Rouge, LA 70825

Leo M. Aaron (Respondent)
Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053

Letita J. Parker-Davis (Relator)
Attorney at Law
848 Second Street
Gretna, LA 70053

Marcus J. Plaisance (Relator)
Attorney at Law
Post Office Box 1123
Prairieville, LA 70769